UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

BOB BONANNO a/k/a ROBERT BONANNO
a/k/a ROBERT ALLAN and DOREEN MICHIENZI,

                                   Plaintiffs,

                -against-

41 SHERBROOKE RD, LLC, RIDGEWOOD SAVINGS
BANK, JP MORGAN CHASE BANK, NA, as servicer for
Ridgewood Savings Bank, and ALAN S. TRUST,

                                   Defendants.

-------------------------------------------------------------------X

**FILED**
**CLERK**

3:44 pm, Dec 01, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**MEMORANDUM AND ORDER**</u>
23-CV-7388(GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

Before the Court are the applications to proceed *in forma pauperis* filed by Bob Bonanno

("Bonanno") and Doreen Michienzi ("Michienzi" and together, "Plaintiffs"), acting *pro se*.  *See*

Docket Entries ("DE") 2, 9.  Upon review, Plaintiffs' applications to proceed *in forma pauperis*

are granted.  However, for the reasons that follow, the complaint is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B).

## BACKGROUND

**1.  Summary of the Complaint**

Plaintiffs' complaint is brought pursuant to 11 U.S.C. § 362(a) and (k) against 41

Sherbrooke Rd, LLC ("41 LLC"), Ridgewood Savings Bank ("Ridgewood"), JP Morgan Chase

Bank, NA ("Chase"), and United States Bankruptcy Court Judge Alan S. Trust ("Judge Trust")

and seeks to prevent or delay Plaintiff's eviction from 502 South 9th Street, Lindenhurst, NY

11757 (the "Property").  (DE 1 *in toto* and at ¶1-2.)  In so doing, Plaintiffs challenge rulings

made by Judge Trust in a concluded bankruptcy proceeding.  (*Id*.)  Plaintiffs allege that "the

defendants violated the automatic bankruptcy stay of 11 USC 362(a) in effect when [Plaintiffs][]

filed bankruptcy petitions by selling the [Property] while the stay was in effect, transferring title .

. . to 41 Sherbrooke Rd, LLC, which thereafter obtained a judgment of possession and warrant of eviction against the [P]laintiffs, all in violation of the automatic bankruptcy stays in effect."  (*Id.* ¶ 2.)   According to the complaint, Ridgewood obtained a judgment of foreclosure and sale of the Property in 2018 in an action under Supreme Court, Suffolk County, Index No. 3326-2013 in which Plaintiffs were named as defendants. (*Id*. ¶¶ 6-7.)   Accordingly, Ridgewood scheduled the sale of the Property and, although Bonanno filed a Chapter 7 bankruptcy petition two days prior to the sale date, the sale went forward as scheduled and Ridgewood sold the Property to 41 LLC on September 12, 2019.  (*Id*. ¶¶ 8-10.)   Plaintiffs' complain that Judge Trust "wrongfully, as a matter of law, ordered that the automatic stay imposed under 11 USC 362(a) did not take effect upon the filing of Mr. Bonanno's Chapter 7 bankruptcy petition. . . ." (*Id*. ¶ 12.)   Further, Plaintiffs complain that Judge Trust denied their motion for reconsideration and allege that his reliance on cited caselaw was "misplaced."  (*Id.* ¶¶ 15-18.)    As a result, Plaintiffs allege that the "defendants knew or should have known that the sale of the [Property], . . . [] the judgment of possession and warrant of eviction, and the current attempts to evict the [P]laintiffs were all a result of an initial violation and then subsequent violation of the automatic stay. . . ."  (*Id*. ¶ 19.) Further, Plaintiffs complain that Judge Trust's May 2023 *In Rem* Order "disregard[ed] [] controlling precedent", leading to the latest eviction notice."  (*Id.* ¶ 21)

    For relief, Plaintiff ask this Court to "vacate the sale of the [Property], and the orders of the bankruptcy court, landlord tenant court, and the Supreme Court[, Suffolk County], in the foreclosure action . . . and stay all proceedings to avoid . . . the Plaintiffs [] being evicted from their home."  (*Id*. ¶ 22; ¶ IV.)   Further, Plaintiffs seek a monetary award in an unspecified sum for actual and punitive damages.  (*Id*. IV. 6.)

2

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

### I.    *In Forma Pauperis*

Upon review of Plaintiffs' IFP applications, the Court finds that Plaintiffs are qualified by their reported financial status to commence this action without the prepayment of the filing fee.   Therefore, the applications to proceed IFP (DE 2, 9) are granted.

### II.    Sufficiency of the Pleadings

As Judge Bianco summarized,

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).   Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).   While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

### I.   Absolute Judicial Immunity Shields Judge Trust from Suit

It is well-established that judges have absolute judicial immunity from suit for their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Peia v. U.S. Bankr. Ct.*, 62 F. App'x 394, 396 (2d Cir. 2003) (summary order) (doctrine of judicial immunity barred claims against bankruptcy judge).   This absolute "judicial immunity is not overcome by allegations of bad faith or malice" nor can a judicial officer be deprived of immunity "because the action he took was in error [ ] or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (internal quotation marks and citations omitted).   "Moreover, in cases of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal."   *Rolle v. Shields*, 16-CV-2487, 2016 WL 3093898, *1 (E.D.N.Y. June 1, 2016) (citing *Tapp v. Champagne*, 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity)).

Here, as is readily apparent, Plaintiffs disagree with the outcome of the bankruptcy

proceeding.   However, Plaintiffs' allegations relate to actions taken by Judge Trust in his judicial capacity during that proceeding.   Thus, Judge Trust is entitled to absolute immunity from suit. Indeed, Plaintiffs directly challenge rulings he made there and ask this Court to vacate those rulings. (Compl. DE 1 at ¶¶ 12-19, 21-22.)   Nor do Plaintiffs allege any factual allegations to show that Judge Trust acted outside of his role as a judicial officer.   Accordingly, Plaintiffs' claims against Judge Trust are clearly barred by absolute judicial immunity and any attempt to seek injunctive and/or declaratory relief in addition to damages does not change this Court's conclusion.   *See*, *e.g.*, *Huminski v. Corsones*, 396 F.3d 53 (2d Cir. 2004) (injunctive relief); *Guerin v. Higgins*, 8 F. App'x 31 (2d Cir. 2001) (summary order).   To the extent that Plaintiffs believe that Judge Trust's actions were incorrect, their recourse is through the appeal process. *See*, *e.g.*, *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("It is a judge's duty to decide all cases within his jurisdiction that are brought before him[.] [. . . ] His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation . . . .").   Thus, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## II.   Claims Against the Remaining Defendants

### A.  Lack of a Plausible Federal Claim

Plaintiffs allege that their claims against the remaining Defendants arise pursuant to 11 U.S.C. §§ 362(a) and 362(k).   (DE 1 ¶ II.A.)   Section 362 of the Bankruptcy Code imposes a stay of, among other things, efforts by creditors to collect or recover pre-petition debts from the debtor or the debtor's estate.   Specifically, the stay prohibits creditors from all "act[s] to obtain possession of the property of the estate." § 362(a)(3).   Where there are willful violations of the automatic stay provision, the Bankruptcy Code directs that actual damages be awarded to any

individual injured by that violation. 11 U.S.C. § 362(k).   Here, Plaintiffs' claims necessarily fail against these Defendants given, as Plaintiffs acknowledge, there was no stay in light of Judge Trust's rulings.   (DE 1 at ¶¶ 12, 14.)   Further, there are no allegations against any of these Defendants of conduct that was not undertaken pursuant to valid orders of the bankruptcy, state supreme, and landlord tenant courts.   Accordingly, these claims are not plausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## III.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiffs' complaint and dismisses any such claims without prejudice.

### IV.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).   However, leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Given that Plaintiffs' claims could not be cured with amendment, leave to amend would be futile and is thus, denied.

### CONCLUSION

Based on the foregoing, Plaintiffs' applications to proceed *in forma pauperis* are granted However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).   Given the dismissal of the complaint, Defendants' requests for a pre-motion conferences, DE 10 and 13, are denied as moot.   The Clerk of the Court shall enter judgment accordingly and mark this case closed.   The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiffs at the address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown

_____
**Hon. Gary R. Brown**
**United States District Judge**

Dated:           December 1, 2023
                 Central Islip, New York

7